IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-00842-PAB

LILU'S GARDEN, LTD, a Colorado Limited Liability Company, and
SLC1, LLC f/k/a Sweet Leaf Capital 1, LLC, a Colorado Limited Liability Company,

    Plaintiffs,

v.

UNITED SCIENCE LLC, a Minnesota Limited Liability Company,

    Defendant.

## ORDER

This matter is before the Court on Plaintiffs' Motion for a Thirty (30) Day Extension of Time to Respond to April 23, 2018, Order to Show Cause [Docket No. 8]. Plaintiffs assert that the Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332. Docket No. 1 at 3, ¶ 8. On April 13, 2018, the Court ordered plaintiffs to show cause why this case should not be dismissed for lack of subject matter jurisdiction based on plaintiffs' failure to identify the parties' members or the citizenship of those members. See Docket No. 4 at 3. Plaintiffs filed a response and amended complaint on April 19, 2018 asserting, "on information and belief" that "the sole member of [defendant United Science LLC] is Jonathan Thompson, a citizen and resident of Minnesota." Docket No. 5 at 3, ¶ 7. On April 23, 2018, the Court issued a second show cause order stating that plaintiffs' averment, "on information and belief," regarding the citizenship of Mr. Thompson was insufficient to confer subject matter jurisdiction over the case. Docket No. 7 at 1. Plaintiffs filed their motion for an extension of time on

April 24, 2018. Docket No. 8. Plaintiffs request that the Court grant them a thirty-day extension to respond to the show cause order so they can depose Mr. Thompson to "obtain disclosure of the names and citizenship of additional members of United Science." *Id.* at 2, ¶ 2.

"[T]he presumption is that [federal courts] lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it." *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994). It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). When subject matter jurisdiction is challenged, its proponent must prove citizenship by a preponderance of the evidence. *Wallace v. HealthOne*, 79 F. Supp. 2d 1230, 1232 (D. Colo. 2000).

Plaintiffs do not dispute that their allegations are presently insufficient to establish federal jurisdiction. Instead, they request an extension of time and the Court's authorization to depose Mr. Thompson regarding the names and citizenship of any additional members of United Science LLC. *See* Docket No. 8 at 2, ¶ 2. While a district court has the authority to permit discovery in order for a party to prove diversity jurisdiction, such discovery is discretionary. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 691 (9th Cir. 2006) (where party invoking federal jurisdiction has "failed to present to the district court any pleading, evidence, or admission that establishes that it is more likely than not that jurisdiction lies," it is "well within the court's discretion to remand to state court rather than ordering jurisdictional discovery, with the knowledge that later-discovered facts may prompt a second attempt at removal").

2

Plaintiffs do not argue that the denial of jurisdictional discovery will result in prejudice. *See Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) (stating that "a refusal to grant [jurisdictional] discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant"). Accordingly, the Court declines plaintiffs' request for jurisdictional discovery. To permit such discovery in this case would undermine the well-established rule that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *See Radil*, 384 F.3d at 1224; *see also Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1216 (11th Cir. 2007) ("[S]hould the plaintiff request leave to conduct discovery to support its assertion that the case is properly before the court, the court would deny such a request. In such a situation, the court would not reserve ruling on the motion to dismiss in order to allow the plaintiff to look for what the plaintiff should have had – but did not – before coming through the courthouse doors, even though the court would have the inherent power to do so.").

Because plaintiffs have failed to establish that the Court has subject matter jurisdiction over this case, it is

**ORDERED** that Plaintiffs' Motion for a Thirty (30) Day Extension of Time to Respond to April 23, 2018, Order to Show Cause [Docket No. 8] is **DENIED**. It is further

**ORDERED** that this case is dismissed without prejudice due to the Court's lack of subject matter jurisdiction. It is further

**ORDERED** that this case is closed.

DATED May 2, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge